21-6480
Zhang v. Garland

BIA
Sponzo, IJ
A208 919 460

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

ZHENG CAI ZHANG,
> *Petitioner*,

v.                                                                              **21-6480**
                                                                                **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**            Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Julie Iversen, Senior Litigation Counsel; Lindsay Marshall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Zheng Cai Zhang, a native and citizen of the People's Republic of China, seeks review of an August 2, 2021, decision of the Board of Immigration Appeals ("BIA") affirming an October 1, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng Cai Zhang*, No. A 208 919 460 (B.I.A. Aug. 2, 2021), *aff'g* No. A 208 919 460 (Immig. Ct. N.Y. City Oct. 1, 2018). We assume the parties' familiarity with the case.

We review the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of

2

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. An IJ may base an adverse credibility determination on a single inconsistency. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated

3

evidence," and "[a]n IJ may, either expressly or impliedly, rely on *falsus in uno*[, *falsus in omnibus*, i.e., 'false in one thing, false in everything,'] to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility"). Substantial evidence supports the agency's determination that Zhang was not credible as to his claim of past persecution and fear of future persecution.

The IJ found that Zhang's claim of past persecution and fear of future persecution based on political opinion and religion was not credible because of a single inconsistency or implausibility in Zhang's narrative. Specifically, Zhang testified that he was pursued for almost a decade by the village committee for an unpaid debt of 8,000 renminbi ("RMB"), but also that his wife gave him 30,000 RMB to flee China. Zhang argues that this inconsistency was ancillary to his claim of religious persecution, that is, it was central only to his family planning claim, and that the agency did not give him an opportunity to explain it. We disagree with both arguments.

As an initial matter, the inconsistency goes to the heart of Zhang's escape story, which is tied to his claim of religious persecution. That is, although the 8,000 RMB debt to the village committee is not the reason Zhang was allegedly

4

religiously persecuted, Zhang's testimony that he used 30,000 RMB to escape quickly after the Chinese authorities' raid of an underground church service he was attending does form part of his claim for religious persecution. Hence, any inconsistency regarding that testimony is not ancillary to the claim of religious persecution, which Zhang argues is the main reason he fears returning to China.

Furthermore, an IJ does not need to solicit an explanation regarding inconsistent testimony when the inconsistency is obvious, or "dramatic." *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006); *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Here, Zhang's claim that the village committee sought repayment from him every few months since 2006 for 8,000 RMB—which he said he could not afford to repay—is dramatically inconsistent with his claim that he was able to immediately gather 30,000 RMB from his wife after the police raided the underground church service, which he promptly used to flee across the country and eventually to the United States. As such, the IJ was not required to solicit further explanation from Zhang before relying on the inconsistency to make an adverse credibility finding.

For similar reasons, the agency's finding that it was "implausible" that Zhang would go almost a decade without repaying the 8,000 RMB,

5

"notwithstanding continued collection efforts by the village committee every few months" and his sudden ability to have "access to 30,000 RMB to finance his journey to the United States," is supported by substantial evidence. Certified Administrative Record at 4. If the "IJ's finding is tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb an implausibility finding. *Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Here, when "viewed in the light of common sense and ordinary experience," *Siewe*, 480 F.3d at 169, Zhang's testimony supports the IJ's conclusion that it is implausible that Zhang would not repay the debt when he had access to almost four times the amount he owed and not paying the debt allegedly subjected Zhang to a level of persecution that gave rise to a basis for asylum.

Taken together, the inconsistent and implausible testimony provides substantial evidence for the agency's adverse credibility determination. *See Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

<div style="margin-left: 45%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court
</div>